IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:14-CV-81130-KLR

KEPLER LAURORE, individually,

    Plaintiff,
vs.

FOCUS RECEIVABLES MANAGEMENT,
LLC, a foreign limited liability company,

    Defendant.
_____/

## DEFENDANT FOCUS RECEIVABLES MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Pursuant to Rule 8, Fed. R. Civ. P., Defendant Focus Receivables Management, LLC ("Focus Receivables"), files its Answer and Affirmative Defenses to the Complaint, and states:

### Introduction

1. Denied.

2. Denied.

3. Denied as worded.

4. Denied as worded.

### Jurisdiction

5. Admitted that this Court has jurisdiction. Denied as to entitlement to any relief.

6. Denied.

7. Admitted that this Court has jurisdiction. Denied as to entitlement to any relief.

### Parties

8. Admitted.

9. Denied as worded.

10. Denied as worded.

11. Denied as worded.

12. Denied as worded.

13. Denied as worded.

14. Denied as worded.

15. Denied as worded.

16. Denied as worded.

17. Denied as worded.

18. Denied as worded.

19. Denied as worded.

20. Without knowledge, therefore denied and strict proof demanded.

21. Without knowledge, therefore denied and strict proof demanded.

## Background and General Allegations

22. Denied as worded.

23. Denied as worded.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### Count I-Violation of FCCPA, Florida Statutes §559.72(7)

31. Defendant incorporates paragraphs 1 through 30 herein.

32. Without knowledge, therefore denied and strict proof demanded.

33. Denied.

34. Denied.

35. Denied.

36. Without knowledge, therefore denied and strict proof demanded.

37. Denied.

### Count II-Violation of FDCPA, 15USC 1692d(5)

38. Defendant incorporates paragraphs 1 through 30 herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Without knowledge, therefore denied and strict proof demanded.

45. Denied.

### Count III-Violation of the TCPA, 47 USC §227(b)(1)(A)(iii)

46. Defendant incorporates paragraphs 1 through 30 herein.

47. Denied.

48. Denied.

49. Denied as worded.

50. Denied.

51. Denied.

52. Denied.

53. Denied as worded.

54. Denied as worded.

55. Denied as worded.

56. Denied as worded.

57. Denied as worded.

58. Denied as worded.

59. Denied.

60. Denied as worded.

61. Denied as worded.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## AFFIRMATIVE DEFENSES

1. For its First Affirmative Defense, Defendant states that Plaintiff provided express consent under the TCPA. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 2014 US. App. Lexis 18554 (11th Cir. 2014); *In re Rules and Regulations Implementing the Telephonic Consumer Protection Act of 1991 (2008 FCC Ruling)*, 23 F.C.C.R. 559.

2. For its Second Affirmative Defense, Defendant alleges that that any violation of the TCPA, FDCPA or FCCPA, which Focus Receivables denies occurred, was not intentional

and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

3. For its Third Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action under 47 U.S.C. § 227 of the TCPA, § 1692 of the FDCPA or any other statute.

4. For its Fourth Affirmative Defense, Defendant states that Plaintiff has failed to timely file his cause of action under the TCPA, FCCPA or FDCPA and the claims are barred by the applicable statute of limitations. *See* 15 U.S.C. § 1692k.

5. For its Fifth Affirmative Defense, Defendant states that, upon information and belief, Plaintiff did not incur any actual damages.

6. For its Sixth Affirmative Defense, Defendant states that any violations of the TCPA, FDCPA or FCCPA were *de minimis.*

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
3800 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
(305) 374-4400 Telephone
(305) 579-0261 Facsimile

By: */s/ Gabriel Z. Coelho*
ANTHONY P. STRASIUS
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
GABRIEL Z. COELHO
Florida Bar. No.: 047685
gabriel.coelho@wilsonelser.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **24th** day of **October, 2014**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed Electronic Filing.

## SERVICE LIST

**Yechezkel Rodal, Esq.**
Loan Lawyers, LLC
2150 S. Andrews Ave.
Ft. Lauderdale, Florida 33316
Local (954) 523-4357
Facsimile (954) 581-2786
chezky@floridaloanlawyers.com
*Counsel for Plaintiff*

By: */s/ Gabriel Z. Coelho*
    GABRIEL Z. COELHO

1003470v.1